UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK CRAFT,<br><br>        Petitioner,<br><br>   v.<br><br>R.L. GOWER,<br><br>        Respondent. | No.  2:12-cv-02827 DAD P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application for leave to proceed in forma pauperis. Petitioner has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c).  (See ECF No. 6.)

**I.  In Forma Pauperis Application**

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be granted.  See 28 U.S.C. § 1915(a).

**II.  Petitioner's Habeas Petition**

On November 14, 2011, petitioner was sentenced in the Sutter County Superior Court to a term of five years in state prison for robbery in the second degree.  Petitioner contends that in imposing sentence the sentencing judge made a comment which implied that petitioner would

1

actually serve only 50 percent of his five-year sentence in confinement after work-time credits were awarded.[1]  Petitioner complains, however, that the California Department of Corrections and Rehabilitation (CDCR) has construed his sentence as requiring him to serve 85 percent of his five-year sentence in confinement under the terms of California Penal Code § 2933.1.

California Penal Code § 2933.1(a) provides:  "Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credit, as defined in Section 2933."  Under California Penal Code § 667.5(c) (9), the listed offenses include "[a]ny robbery."

Petitioner has attempted several times to appeal from his judgment of conviction, but the California Court of Appeal for the Third Appellate District has rejected his notices of appeal as untimely.  (ECF No. 1 at 2.)  Petitioner's attempts to obtain relief through a motion to recall the sentence as well as an informal request from his trial counsel to the Deputy District Attorney have also proven been unsuccessful.  (Id. at 3-4 & 18-19.)  Petitioner has filed a habeas petition with the California Supreme Court seeking relief only from the appellate court's ruling that his notice of appeal was untimely filed.  (Id. at 2-3.)  The petition was denied.  (Id. at 2.)[2]

---

[1] Specifically, at the time of imposition of sentence the sentencing judge stated:

> You have about **two and a half** very difficult years ahead of you now, but when you get through that and come out of it, you can pick up the pieces so to speak and go in the course that your family is trying to get you to go in . . . .
>
> All right.  Pursuant to the stipulation, the Court will sentence the Defendant as follows:  For a violation of Section 211 of the Penal Code, a felony as alleged in Count 25 of the information, the Defendant is sentenced to state prison, stipulated upper term, said upper term being a period of five years.

(ECF No. 1 at 27-28, lines 14-18 & 25-2) (emphasis added).

[2] It is not clear that petitioner has exhausted all of his present claims by fairly presenting them first to the highest state court.  In this regard, it appears that petitioner may have presented to the California Supreme Court only his claim that his notices of appeal should have been deemed timely filed under state law.  In any event, federal habeas review of each of petitioner's claims is precluded for the reasons set forth above.  The undersigned notes, however, that although petitioner apparently filed an unsuccessful motion to recall his sentence in the Sutter County Superior Court, it does not appear that he has filed a state habeas petition with that court presenting his arguments that his sentence is being misinterpreted and misapplied under state law.

In his pending federal habeas petition, petitioner presents the following grounds for relief. First, he should be granted permission to file a notice of appeal with the California Court of Appeal for the Third Appellate District under the constructive filing doctrine. (Id. at 5.) Second, California Penal Code § 2933.1 was inapplicable in his case because the trial judge never mentioned that provision during petitioner's sentencing and its application was not noted in his abstract of judgment. (Id. at 7.) Third, the CDCR and the correctional facility where petitioner is incarcerated have abused their discretion in effectively amending the judicial order imposing sentence by applying California Penal Code § 2933.1 to petitioner's sentence, despite the trial judge's pronouncement that petitioner that he would be serving only fifty percent of his five year sentence in confinement. (Id. at 8.) Fourth, the trial court erred when petitioner was sentenced without requiring the preparation of a presentence probation report. (Id. at 10.)

Petitioner seeks the following relief:

> Order the court to, and CDCR to adhere to the judicial order pronouncement of time to serve on his sentence. Allow defendant to file notice of appeal, and not be denied by technicality. To presentence and grant order of probation for eligible defendant, since the court and probation officer failed in ordering or including any information or conducting a report that could have benefited defendant. Defendant also prays the court allow him to be placed on O.R. or appeal bail pending the outcome of his appeal.

(Id. at 15.)

**III. Legal Standard for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases authorizes a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Rule 4, Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus at several stages of a case, including "summary dismissal under Rule 4; a dismissal pursuant to a motion by the respondent; a dismissal after the answer and petition are considered; or a dismissal after consideration of the pleadings and an expanded record." See also O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983).

## IV. Analysis

### A. Challenging the California Court of Appeal's Procedural Ruling

Petitioner seeks to challenge the state appellate court's ruling on the timeliness of his filing of a notice of appeal and requests an order from this court compelling the state appellate court to apply constructive filing principles to render his notice of appeal timely. However, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). See also Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999) ("Federal habeas courts lack jurisdiction, however, to review state court applications of state procedural rules."); Walters v. Maass, 45 F.3d 1355, 1357 (9th Cir. 1995) ("A state court's procedural or evidentiary ruling is not subject to federal habeas review unless the ruling violates federal law, either by infringing upon a specific federal constitutional or statutory provision or by depriving the defendant of the fundamentally fair trial guaranteed by due process."). Here, petitioner's seeks review of the California Court of Appeal's procedural ruling that his notice of appeal was untimely, clearly a state-law question, and petitioner has made no showing of a constitutional violation resulting from that ruling. Therefore, this claim for federal habeas relief is beyond the court's habeas jurisdiction and should be summarily dismissed.

### B. California Penal Code § 2933.1

In petitioner's second and third grounds for relief, he argues that based on the comments of the trial judge in imposing his sentence, he is entitled to worktime credits of fifty percent under Penal Code § 2933, rather than a fifteen percent under Penal Code § 2933.1. Petitioner argues that CDCR has erroneously applied § 2933.1 to his case even though the trial judge and the abstract of judgment made no reference to § 2933.1.

Whether California Penal Code § 2933.1 has or has not been properly applied in the computation of plaintiff's work credits is not a question presenting a cognizable claim to federal habeas relief. As noted above, it is not the role of the federal habeas court to clarify or correct the application of state law. See Conway v. Wilson, 368 F.2d 485, 486 (9th Cir. 1966) (concluding that a state court's alleged misapplication of a sentencing provision raises a point of state law and does not present any federal constitutional question sufficient to warrant consideration by the

federal court on habeas); see also Cochran v. Diaz, No. 1:13-cv-00551 AWI GSA HC, 2013 WL 3991991, at *2 (E.D. Cal. Aug. 2, 2013) ("Petitioner states that the CDCR has determined that he cannot earn good time credits against his sentence pursuant to Cal. Penal Code § 2933, because Petitioner committed crimes which do not allow for the earning of such credits . . . . The essence of Petitioner's claim concerns the interpretation and application of state statute, and generally, issues of state law are not cognizable on federal habeas.").

Furthermore, a prisoner does not have a protected liberty interest in earning worktime credits to reduce his sentence. See California Penal Code § 2933(c) ("Credit is a privilege, not a right."); Kalka v. Vasquez, 867 F.2d 546, 547 (9th Cir. 1989) ("[S]ection 2933 does not create a constitutionally protected liberty interest."). Therefore, to the extent that petitioner's second and third grounds for federal habeas relief could be construed as presenting a due process claim, that claim is also subject to summary dismissal.

### C. Presentence Probation Report

Petitioner also asserts that because no presentence probation report was prepared prior to sentencing, he should be granted probation. Petitioner does not cite any authority for the proposition that he had a federal constitutional right to the preparation of a probation report prior to his sentencing. In any event, it appears clear that he waived any right he had to the preparation of such a report under state law as part of his stipulated sentence. (See Pet. (ECF No. 1) at Ex. C, p. 2.) Therefore, this claim is also subject to summary dismissal.

## V. No Certification of Appealability Will Issue

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "[t]he district court must issue or a deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, 28 U.S.C. foll. § 2254. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b). For the reasons
/////

set forth above, petitioner has not made a substantial showing of the denial of a federal constitutional right. Accordingly, no certificate of appealability will issue.

## VI. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner's November 19, 2012 application requesting leave to proceed in forma pauperis (ECF No. 2) is granted.

2. This action is summarily dismissed pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254.

3. The court declines to issue a certificate of appealability.

Dated: September 18, 2013

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
craft2827.summdism